CATTARAUGUS COUNTY.—HON. ALFRED SPRING, SURROGATE.—July, 1888.

### WALKER *v.* DOW.

*In the matter of the estate of* HENRY C. WALKER, *deceased.*

The administrator of intestate's estate, who was a private banker, paying no interest on deposits, and kept the funds of the estate, which was small in amount and difficult in settlement, in his own bank,—on filing his account, omitted to charge himself with interest. Objections having been interposed, and a brief hearing had, the court required the payment of interest, but, it appearing that the accounting party had acted in good faith, and that his remuneration was an inadequate reward for the services rendered,—

*Held*, not a proper case for charging him personally with the costs of the accounting.

DECEDENT died intestate March 14th, 1885, and

letters of administration were issued to his widow and one Amos Dow on April 4th, following. On November 26th, 1887, Dow, the acting administrator, filed his account and petitioned for a judicial settlement thereof. The widow and Frank Walker, decedent's son and next of kin, objected that the administrator had not charged himself with interest upon the estate funds, which had lain in his bank more than a year and a half.

M. V. BENSON, *for accounting party.*

CROWLEY & REILLY, *for objectors.*

THE SURROGATE.—The counsel for the next of kin urges, with some vehemence, that the administrator, Dow, should be personally charged with the costs in the proceeding.

Mr. Dow was the acting administrator, and the estate committed to him was intricate and perplexing. He filed his account in proceedings for judicial settlement, and objection was filed thereto, alleging that he did not account for interest on the funds held by him as administrator. Mr. Dow was cross-examined by the contestant's counsel, and testified that he was a private banker, and kept the funds of this small estate in his bank, and supposed that he was not chargeable with any interest, as he paid no interest on deposits. He was ordered to account for such interest as he had received, and now he is sought to be charged with the costs of the accounting. There was no attempt at concealment by the administrator, and he prepared his account in perfect good faith, and the

sum total of the trial consisted of this brief cross-examination.

I do not think it is a proper case to make the administrator pay the costs, personally. The cases cited by the counsel for contestant are either where a personal claim has been presented by the administrator, and, after a long trial, has been rejected and disallowed, or where he goes into a court of law in his representative capacity, but solely for his own benefit, and is personally chargeable with the costs.

I hardly think the case under consideration is one of those, or parallel to either. The imposition of costs against an administrator personally, on the judicial settlement of his account, is of rare occurrence and should not be made from any trivial cause. The compensation the administrator received for his services in the administration of this estate inadequately paid him for the annoyance and trouble he was caused, and justice does not require a still further diminution of this pittance by burdening him with costs.

The motion to make him pay the costs, personally, is denied.